Filed 2/13/24  P. v. Bennett CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL BENNETT,<br><br>        Defendant and Appellant. | B328092<br><br>(Los Angeles County<br>Super. Ct. No. BA304246) |

        APPEAL from an order of the Superior Court of the County of Los Angeles, Eleanor J. Hunter, Judge.  Affirmed.

        Law Offices of Allen G. Weinberg, Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearances for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Michael Bennett appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.6.[1]  We affirm.

# II. BACKGROUND

A. *Facts*[2]

On December 30, 2005, defendant, a gang member, was involved in a car-to-car shooting.  Driving his girlfriend's Mustang, defendant followed his cohorts' Saturn into rival gang territory.  The Saturn pulled in front of a parked white Caprice in which victims Chaundi Grant and Gerald Kelly were seated.  One of defendant's cohorts in the Saturn fired shots at the Caprice, wounding Grant who then drove off.  The Saturn chased the Caprice and was then joined by defendant's Mustang which took the lead.  Shots were fired from the Mustang, hitting the Caprice several more times.  The Mustang then drove off.  Defendant was arrested along with other members of his gang for, among other crimes, the attempted murders of Grant and Kelly.

---

[1]  All further statutory references are to the Penal Code.

[2]  The facts are taken from the unpublished opinion in the direct appeal in this matter, *People v. Johnson* (Nov. 17, 2009, B209800).

B.    *2008 Conviction*

In April 2008, in an amended information, the Los Angeles County District Attorney (District Attorney) charged defendant in counts 2 and 3 with, among other crimes, the attempted murders of Grant and Kelly in violation of sections 664 and 187, subdivision (a).[3]  Among other allegations, the District Attorney alleged as to both counts that the attempted murders were willful, deliberate, and premeditated.  As to count 2—the attempted murder of Grant—the District Attorney further alleged that a principal used and discharged a firearm causing great bodily injury within the meaning of section 12022.53, subdivisions (b) through (d) and (e)(1) and that defendant personally used and intentionally discharged a firearm causing great bodily injury within the meaning of section 12022.53, subdivisions (b)–(d).  And, as to count 3—the attempted murder of Kelly—the District Attorney alleged that a principal personally used and discharged a firearm within the meaning of section 12022.53, subdivisions (b), (c), and (e)(1) and that defendant personally used and discharged a firearm within the meaning of section 12022.53, subdivisions (b) and (c).

The jury found defendant guilty of attempted murder on counts 2 and 3 and found true, as to both counts, the allegations that the attempted murders were willful, deliberate, and premeditated and that a principal personally used and intentionally discharged a firearm; but the jury found the

---

[3]    Defendant was charged with and convicted of other crimes, but they are not subject to this appeal.

3

personal use and discharge of a firearm allegations not true as to defendant.

The trial court sentenced defendant on count 2 to a term of 40 years to life and, on count 3, to a consecutive term of 40 years to life.

On appeal from the judgment of conviction, a different panel of this Division reversed it on various grounds unrelated to this appeal, but affirmed it as to counts 2 and 3. (*People v. Johnson, supra*, B209800.)

## C.   *Section 1172.6 Petition*

On July 25, 2022, defendant filed a petition for resentencing. He argued that, based on the facts of the shootings, he could only have been convicted under the natural and probable consequences doctrine as he was not the actual shooter. According to defendant, under recent amendments to section 188, malice could not be imputed to him based solely on his participation in the crimes.

The District Attorney opposed the motion.

On December 1, 2022, the trial court held a hearing on the motion for resentencing. The parties submitted on the papers, and the court denied the motion, finding that defendant had failed to meet his prima facie burden of demonstrating that he was eligible for relief. The court noted that the jury had not been instructed on a natural and probable consequences theory or on a theory of implied malice. Accordingly, the court concluded that defendant was not eligible for relief as a matter of law.

On January 10, 2023, defendant filed a notice of appeal.

4

D.  *Delgadillo Brief*

On July 3, 2023, appointed counsel for defendant filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

On August 28, 2023, defendant filed a supplemental brief arguing that the jury instructions were ambiguous and allowed the jury to impute the required malice to him based solely on his participation in the crimes.[4]  In support of his contention, defendant cited to *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*); *People v. Maldonado* (2023) 87 Cal.App.5th 1257 (*Maldonado*); and a noncitable case.

## III.  DISCUSSION

As defendant concedes, the jury was not instructed on either the natural and probable consequences doctrine or a felony murder theory of liability.  Citing *Langi, supra*, 73 Cal.App.5th 972 and *Maldonado, supra*, 87 Cal.App.5th 1257, he maintains that the jury instructions included ambiguous language that could have permitted the jurors to impute malice to him based solely on his participation in a crime, without having to find that he personally acted with malice.  We disagree.

---

[4]     After filing his supplemental brief, defendant, without counsel, filed a December 1, 2023, letter requesting a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 and, after this matter had been submitted, a January 22, 2024, motion requesting a substitution of appointed counsel.  Both requests are denied.

Here, the jury found not true the allegation that defendant personally used and discharged a firearm in the commission of the attempted murders, but found true the allegation that a principal used and discharged a firearm. The jury therefore rejected any theory that defendant was the actual shooter, but nevertheless found him guilty of the attempted murders of Grant and Kelly. Because there was no instruction on the natural and probable consequences doctrine, the only other theory of liability for attempted murder available to the jurors was under the aider and abettor doctrine, upon which they were instructed.[5]

The instruction on attempted murder[6] advised the jurors that to prove that crime, the prosecution was required to show a direct but ineffectual act by one person towards killing a human being and that the person taking that act harbored a specific intent to kill. Thus, the only theory available to the prosecution was express, not implied, malice attempted murder, and, in

[5]     The jury was instructed on aider and abettor liability with CALJIC No. 3.01, which provided, in pertinent part: "A person aids and abets the commission . . . of a crime when he or she: [¶] (1) With knowledge of the unlawful purpose of the perpetrator, and [¶] (2) With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] (3) By act or advice aids, promotes, encourages, or instigates the commission of the crime."

[6]     The jury was instructed on attempted murder with CALJIC No. 8.66 which provided in pertinent part: "In order to prove attempted murder, each of the following elements must be proved; [¶] (1) A direct but ineffectual act was done by one person towards killing another human being; and [¶] (2) The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being."

6

finding defendant guilty of that crime, the jury necessarily found that the shooter had the intent to kill and defendant, as an aider and abettor, knew of that intent and acted intentionally to facilitate that crime.

Moreover, the jury also found true the allegation that defendant, in the commission of the attempted murders, acted in a willful, deliberate, and premeditated[7] manner. This finding further demonstrates that the jury could not have convicted defendant of attempted murder based on a theory of implied malice. Accordingly, the reasoning in *Langi, supra*, 73 Cal.App.5th 972 does "not apply because that case involve[d] *implied* malice. Here. . . appellant's conviction for attempted murder demonstrates that he was convicted of . . . murder with express rather than implied malice." (*People v. Coley* (2022) 77 Cal.App.5th 539, 547.) Therefore, defendant is ineligible for relief as a matter of law and the trial court did not err in denying his petition. (*Id.* at p. 548.)

---

[7] On the willfulness allegation, the jury was instructed with CALJIC No. 8.67, which provided, in pertinent part: "It is also alleged in Counts 2 and 3 that the crime attempted was willful, deliberate, and premeditated murder. If you find defendant guilty of attempted murder, you must determine whether this allegation is true or not true. [¶] 'Willful' means intentional. 'Deliberate' means formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action. 'Premeditated' means considered beforehand."

## IV.   DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:


RUBIN, P. J.


BAKER, J.